# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| NANCY LOUISE POWELL, | |
| Plaintiff, | |
| v. | Civil Action No. 2:17-CV-172 JVB |
| LAKE COUNTY JUVENILE JUSTICE COMPLEX, | |
| Defendant. | |

## OPINION AND ORDER

Pro se Plaintiff Nancy Powell has filed a complaint against the Lake County Juvenile Justice complex alleging that it discriminated against her because of her race and religion. Her complaint also mentions the EPA (presumably the Equal Pay Act) and wrongful termination.

Defendant has moved to dismiss the complaint on the grounds that she failed to file a timely charge of discrimination with the EEOC and that she has failed to plead any facts necessary to show a violation of the Equal Pay Act or to sustain a wrongful termination claim (DE 6). Plaintiff has not responded to the motion, but even so, it can only be granted in part.

### A.   Legal Standard for Evaluating a Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint must contain enough factual matter to state a claim to relief that is plausible on its

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing.  *Id.*

B.      **The Timeliness of the EEOC Charge**

Plaintiff states in her complaint that she was discriminated against on account of her race and religion.  She states that the discrimination occurred around the end of August 2015 and the beginning of November 2015 when a white employee of the Defendant told her that "we stick together, you all don't."  (DE 1 at 2.)  In the EEOC charge of discrimination she attached to her complaint, however, she states that the discrimination against her took place on January 28, 2016, when she was terminated.[1]  In the complaint, she also states that she filed the charge of discrimination on October 10, 2016.[2]  However, the copy of the charge she attached to the complaint shows that it was not signed and notarized until November 21, 2016.

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e)(1), a person must file an EEOC charge within 300 days of the alleged discriminatory conduct.  Because failure to file a timely charge of discrimination is an affirmative defense, dismissal is appropriate only when the allegations in the complaint establish the elements of the defense, such that the plaintiff pleads herself out of court.  *Stuart v. Local 727, Intern. Broth. of Teamsters*, 771 F.3d

---

[1] Pursuant to Federal Rule of Civil Procedure10(c), a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.  Defendant points out that Plaintiff's claim that she was terminated because of her race and religion does not appear in the complaint, but since it does appear in her EEOC charge, which was attached to the complaint, the Court reads the two documents together as part of the complaint.

[2] Plaintiff also attached a copy of a document entitle "U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION INTAKE QUESTIONNAIRE" to her complaint which indicates that it was signed on October 10, 2016. (DE 1 at 11.)

1014, 1018 (7th Cir. 2014).

Plaintiff has pleaded herself out of court with respect to any claims of discrimination that took place in August or November of 2015, because any discriminatory acts that took place then are clearly outside the 300-day time limit, whether the Court considers that Plaintiff is claiming October 10, 2016, or November 21, 2016, as the filing date of the EEOC charge. However, that is not the case with respect to her allegedly discriminatory termination, which occurred on January 28, 2016. To be within the 300-day limitation period, Plaintiff would have had to file her charge by November 23, 2016. Nothing in Plaintiff's complaint establishes that she filed the charge after that date. Accordingly she has not pleaded herself out of court with respect to the discrimination that allegedly occurred on January 28, 2016, when she was terminated.

Defendant has attached to its motion to dismiss what it says is a file stamped copy of Plaintiff's charge of discrimination, which, it claims, establishes that the charge was filed with the EEOC on November 25, 2016 (DE 6-1). The document is not authenticated in any way. It does have a stamp, but the only legible information the stamp provides is the date of November 25, 2016, and the time of 2:36 pm. Even if the Court considers this matter, which is outside the Plaintiff's pleading, the stamp does not tell the Court what happened on that date or where it happened.[3] Accordingly, the Court will not dismiss Plaintiff's claim with regard to discriminatory acts that allegedly took place on January 28, 2016, on the grounds that the charge was untimely.

C.     **Equal Pay Act Claim**

---

[3] In its own brief in support of its motion to dismiss, Defendant states: [w]hen dismissing a complaint for failure to state a claim, the court may not look to materials beyond the pleading itself." (DE 6 at 2.)

The Equal Pay Act prohibits employers from paying employees different wages on the basis of gender. 29 U.S.C.§ 206(d). Plaintiff has alleged no facts to plausibly suggest that she was paid lower wages than those paid to similarly situated male employees. Thus she has failed to state a claim under the Equal Pay Act and may not proceed on any such claim.

**D.     Wrongful Termination Claim**

It appears that Plaintiff is attempting to advance some sort of wrongful termination claim that is separate from her claim that she was terminated because of her race and religion, perhaps a state law claim. But she has not pleaded any facts to support such a claim. Therefore she has failed to state a claim for wrongful termination under anything but Title VII.

**E.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss (DE 5) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Equal Pay Act and state law wrongful termination claims are dismissed without prejudice. Her Title VII claim that she was discharged because of her race and religion remains.

SO ORDERED on September 14, 2017.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge